[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for a solution of marriage and for other CT Page 4278 relief brought to the Superior Court for the Judicial District of New Haven.
Many of the underlying facts in this matter are not in dispute. The plaintiff and the defendant, whose maiden name was Doris Robertson, were married on December 3, 1978 at Meriden, Connecticut. The plaintiff has resided continuously in the State of Connecticut for at least one year immediately prior to the date the complaint. The marriage between the parties has broken down. There are two minor children issue of marriage: Elijah Rivers, born October 5, 1979; and Jonathan born April 5, 1982. No other minor children have been born to the defendant wife since the date of marriage of the parties. Neither party is presently receiving state assistance.
From the evidence presented, the court concludes that the plaintiff is at fault for the breakdown of the marriage.
The plaintiff is presently employed as a mold technician and has a net weekly earning of $350.00. The defendant is employed a a packer and has a net weekly earning of $376.24. The plaintiff obtained his present employment in March of 1992 and earns $12.00 per hour and works a 40 hour week. He was previously employed at JL Tool at the rate of $12.50 per hour. During his employment at JL Tool he was working as many as 90 hours per week. He stopped working there on or about November 12, 1991 as a result of a nervous breakdown. He was then hospitalized for approximately two months. He was then discharged from the hospital for approximately two weeks when he again returned to the hospital. He was on unemployment compensation from the end of January 1992 until he obtained his current employment. The plaintiff was a hard worked who supported his family well until he had his nervous breakdown.
One of the two minor children, Elijah, has a learning disability and is enrolled in a trainable mentally retarded program. The parties jointly own a family home at 19 Blackstone Street, Meriden, Connecticut. The parties have owned the family home on Blackstone Street for approximately five years. Prior to purchasing the present family home, the parties lived on Morgan Street in Meriden, Connecticut, for approximately three and one-half to four years. When they sold the Morgan Street property they netted approximately $40,000.00 and used that money towards the purchase of the Blackstone Street home. As the result of the sale of the Morgan Street property, they owed the IRS approximately $10,000.00 in taxes, which sum they borrowed from the defendant's sister, Ella Dargan. That debt of $10,000.00 is still owed to the defendant's sister. The family home at 19 Blackstone Street in CT Page 4279 Meriden has a fair market value of $150,000.00. It has a first mortgage owed to the City Savings of $91,000.00 and a second mortgage owed to Commercial Credit in the original amount of $20,000.00, with an approximate balance of $17,000.00. The loan from Commercial Credit was used to pay existing family bills. The equity in the family home is approximately $42,000.00.
The plaintiff's financial affidavit shows the following liabilities:
 Creditor Amount of Balance Date Weekly Debt Due Debt Incur. Pmt.
KAYES JEWELRY 235.00 215.00 8/1/91 0 LENNY ROSCONI 800.00 800.00 8/1/91 0 BENEFICIAL FINANCE 4,500.00 3,500.00 1989 0 JAMES DUPRE 260.00 260.00 1991 0 JAY FARLEY 70.00 70.00 1991 0 DALE MASSARO 740.00 740.00 1991 0 BRIAN NAYLE 500.00 500.00 1991 0 WEST MAIN STREET AUTO (LOAN) 1,600.00 1,200.00 1992 40.00
The debt owed to Kayes Jewelers was for a ring that the plaintiff purchased for his girlfriend after he and the defendant separated. The debt owed to Lenny Rosconi was a loan to the plaintiff used to purchase the plaintiff's truck. The debt to Beneficial Finance is in dispute between the parties as to what the underlying reason for that debt was. From the evidence presented, the court finds that the Beneficial Finance debt was incurred as a result of joint obligations and gifts and travel for the parties. Beneficial Finance has recently brought suit against the plaintiff and the defendant and has reduced that debt to $2,000.00 as part of the small claims action it has brought. The debt owed to James Dupre, Jay Farley, and Dale Massaro were loans made to the plaintiff.
The parties have the additional following debts: Dental Group of Meriden $108.60; and Ear, Nose, Throat Specialists, P.C., $1,075.00.
The defendant's financial affidavit shows the following liabilities:
 Creditor Amount of Balance Date Weekly Debt Due Debt Incur. Pmt. BENEFICIAL FINANCE 5,000.00 4,000.00 1989 38.25 ELLA DARGAN(sister) 10,000.00 10,000.00 1988 Forebalance ASSOCIATES FINANCE 2,000.00 1,500.00 1989 19.00 J.C. PENNEY 125.00 125.00 REVOLVING 5.00 G. FOX 50.00 50.00 REVOLVING 5.00 CT Page 4280
This court has considered and weighed the factors set forth in46b-81 (c) in determining the issues of assignment of property and has considered and weighed the factors set forth in 46b-82 in determining alimony. This court has also considered and weighed the factors set forth in 46b-62 in determining whether to grant attorneys' fees. Further, this court has considered and weighed the factors set forth in the support guidelines as well as all applicable statutes in determining the issues of support.
ORDER
The court hereby enters the following orders:
A) Dissolution —
The marriage of the parties to this action is hereby dissolved on the grounds of irretrievable breakdown and each of the parties are hereby declared to be single and unmarried.
B) Alimony —
The plaintiff is ordered to pay to the defendant the sum of $10.00 per week for a period of eight (8) years, non-modifiable as to term, except that it will terminate in the event of the remarriage of the defendant, cohabitation by the defendant under the provisions of 46b-86 (b) or death of the plaintiff or the defendant, whichever event shall first occur. The amount is modifiable.
C) By Way of Property Assignment —
In accordance with the provisions of 46b-81 (a), all of the right, title and interest of the plaintiff in the family home located at 19 Blackstone Street, Meriden, Connecticut, is assigned to the defendant. The defendant is to pay the first mortgage and the second mortgage and all real estate taxes on said property, and hold the plaintiff harmless therefrom.
The plaintiff is to pay all debts shown on his financial affidavit, including the Beneficial Finance debt for which the small claims suit is pending in the amount of $2,000.00, and hold the defendant harmless therefrom. In addition, the plaintiff is to pay the following debt and hold the defendant harmless therefrom:
a) Associates Finance with a balance of approximately $1,500.00.
The defendant is to pay all debts shown on her financial CT Page 4281 affidavit, except for the Beneficial Finance and Associates Finance debts, and is to hold the plaintiff harmless therefrom.
The parties are to divide equally the following debts: Dental Group of Meriden debt and Ear, Nose, Throat Specialists, P.C. debt.
D) Attorneys' Fees —
Each party is responsible for the payment of their own attorney's fees.
E) By Way of Custody, Support and Visitation —
1. Custody of the two minor children is awarded to the defendant.
2. The plaintiff shall have reasonable rights of visitation.
3. The plaintiff shall pay to the defendant as support the sum of $80.00 per week for each of the two minor children, for a total support order of $160.00 per week. An immediate wage execution is authorized. In addition, the parties are to divide equally any unreimbursed or uncovered medical expenses for the children. Both parties are to provide health insurance for the benefit of the two minor children as is available through their place of employment. The provisions of 46b-84 (c) is applicable.
Commencing with the calendar year 1992, each party is to send to the other party a copy of their respective income tax return within 15 days after such return is filed. This requirement shall continue annually until the youngest child reaches age 18. The plaintiff has the right to claim the two minor children for federal and state income tax purposes for each calendar year in which he is current in his support payments as of December 31 of that calendar year.
SIDNEY AXELROD, JUDGE